IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, a subrogee of Brian Keith,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC., a foreign corporation,<br><br>Defendant. | NO. 2:20-cv-00063<br><br>HOME DEPOT, U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES<br><br>JURY DEMAND OF TWELVE<br><br>*[CLERKS' ACTION REQUIRED]* |

COMES NOW Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot") by and through its counsel of record, Holt Woods & Scisciani LLP, and hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint by admitting, denying, and alleging as follows:

I. **JURISDICTION**

1. Admit.

2. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 2 and therefore denies the same.

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CAUSE NO. 2:20-CV-00063) - Page 1

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

## II. **PARTIES**

3. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 and therefore denies the same.

4. Home Depot admits that it is a foreign corporation that sold a variety of good in the State of Washington. As to the remainder of this allegations contained in Paragraph 4, Home Depot lacks sufficient information to admit or deny and therefore denies the same.

## III. **FACTUAL ALLEGATIONS**

5. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 and therefore denies the same.

6. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 and therefore denies the same.

7. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 and therefore denies the same.

8. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 and therefore denies the same.

9. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 and therefore denies the same.

10. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 and therefore denies the same.

11. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 and therefore denies the same.

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CAUSE NO. 2:20-CV-00063) - Page 2

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

## IV. CLAIM FOR RELIEF

### (Product Liability)

12. Paragraph 12 does not appear to be directed to Home Depot. To the extent a response is required, Home Depot denies.

13. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 13 and therefore denies the same.

14. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 and therefore denies the same.

15. Home Depot lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 and therefore denies the same.

16. Deny.

## V. HOME DEPOT'S AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER TO PLAINTIFF'S COMPLAINT AND WITHOUT WAIVING ANY ALLEGATIONS PREVIOUSLY DENIED, THE FOLLOWING AFFIRMATIVE DEFENSES ARE ASSERTED IN GOOD FAITH. HOME DEPOT ALLEGES AS FOLLOWS:

1. Home Depot asserts herein all defenses stated in CR 12(b) in so far as they may be applicable and thus are not waived.

2. Plaintiff's action should be dismissed in whole or in part because Plaintiff's alleged damages, if any, may have resulted from alleged acts or omissions by other persons, parties, and/or entities over whom Home Depot had no responsibility or control, including but not limited to, Plaintiff, prior homeowners, installers, the product manufacturer and/or other parties later identified and/or added to this lawsuit after further discovery.

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CAUSE NO. 2:20-CV-00063) - Page 3

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

3. Plaintiff and/or other persons, parties, and/or entities may have failed in whole or in part to mitigate, minimize, or avoid the damages allegedly sustained, and any recovery must be reduced by that amount.

4. Pursuant to RCW 4.22.070, the trier of fact must determine the percentage of total fault that is attributable to every person, party, and/or entity that caused Plaintiff's alleged damages. To the extent that Home Depot is found liable for any part of Plaintiff's damages, Home Depot is entitled to an offset for any and all amounts attributable to the fault of other persons, parties, and/or entities. Furthermore, to the extent that Home Depot pays, or is found liable in this lawsuit, Home Depot is entitled to contribution, and/or indemnification from any third parties who may be responsible for Plaintiff's damages.

5. Plaintiff's claims for relief may be limited and/or barred to the extent that Plaintiff failed to take reasonable steps to preserve material evidence necessary for Home Depot's inspection, or for use in Home Depot's defense.

6. The design, manufacture, labeling, warning, and marketing of any product supplied by Home Depot that may have been installed in Plaintiff's residence was in conformity with the generally recognized standard at the time of its design, manufacture, and sale.

7. The injuries and damages, if any, claimed by Plaintiff may have been caused by the unforeseeable alteration or modification of the product by Plaintiff, and/or other parties over which Home Depot had no responsibility or control later identified and/or added to this lawsuit after further discovery.

8. The injuries and damages, if any, claimed by Plaintiff may have been caused by the unforeseeable misuse of the product by Plaintiff, and/or other parties over which Home Depot had no responsibility or control later identified and/or added to this lawsuit after further discovery.

9. The injuries and damages, if any, claimed by Plaintiff may have been proximately caused or contributed to by Plaintiff, and/or other parties unreasonable use of the product despite their personal knowledge of the potential issues with the same and awareness of the risks posed.

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(CAUSE NO. 2:20-CV-00063) - Page 4

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

10. If any loss or damage was suffered by the Plaintiff as requested in Plaintiff's Complaint, then said loss may have been caused or contributed to by superseding and/or intervening acts over which Home Depot had no control or responsibility.

11. Plaintiff may have failed to join a necessary party pursuant to Civil Rule 19.

12. Plaintiff's recovery may be barred due to voluntary payment.

13. Plaintiff's clam may be barred by the statute of repose and/or statute of limitations.

### VI.  HOME DEPOT'S JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Home depot hereby demands a trial by a jury of twelve.

### VII.  HOME DEPOT'S RESERVATION OF RIGHTS

Home Depot reserves the right to amend any of the above answers upon further discovery. Home Depot also reserves the right to bring counter-claims and/or cross-claims against Plaintiffs and any known or unknown third-party defendants as may be necessary upon further discovery.

### VIII.  HOME DEPOT'S PRAYER FOR RELIEF

Wherefore, having fully answered this Complaint and having asserted affirmative defenses, Home Depot requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and Plaintiff takes nothing thereby.

2. An award against Plaintiff for Home Depot's expenses and costs incurred herein, including reasonable attorneys' fees.

3. For an award to Home Depot of such other and further relief as this Court deems just and equitable.

//
//
//

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CAUSE NO. 2:20-CV-00063) - Page 5

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

1  DATED this 14th day of January, 2020

2

3                                           HOLT WOODS & SCISCIANI LLP

4

5                                           *s/Dennis G. Woods*
                                            Dennis G. Woods, WSBA No. 28713
                                            dwoods@hwslawgroup.com
6                                           *s/Kelsey L. Shewbert*
                                            Kelsey L. Shewbert, WSBA No. 51214
7                                           kshewbert@hwslawgroup.com
                                            Attorneys for Defendant Home Depot, U.S.A., Inc.

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /PLAINTIFF**<br>George Shumsky<br>Law Offices of Shumsky & Backman<br>219 NW 20th Avenue, Suite 201<br>Battle Ground, WA 98604<br>george@shumsky-backman.com | ( X ) **Via U.S. Mail**<br>( X ) **Via E-Mail**<br>(   ) **Via Facsimile**<br>( X ) **Via CM/ECF** |

DATED this 14th day of January, 2020

*s/Christie Kramer*
Christie Kramer,  Legal Assistant

HOME DEPOT U.S.A., INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CAUSE NO. 2:20-CV-00063) - Page 7

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065